IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY PEARSON                                                                                              PLAINTIFF

vs.                                           Civil No. 1:22-cv-01013

COMMISSIONER, SOCIAL                                                                              DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Barry Pearson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on June 2, 2017. (Tr. 10, 168-169). In this application, Plaintiff alleges being disabled due to arthritis, a herniated disc, spinal stenosis, sciatica, and carpal tunnel syndrome. (Tr. 192). Plaintiff alleges an onset date of January 7, 2016. (Tr. 10, 192). This application was denied initially and again upon reconsideration. (Tr. 10). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 104-159).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

On March 29, 2019, the ALJ held an administrative hearing. (Tr. 28-63). Following this hearing, on May 6, 2019, the ALJ entered an unfavorable decision. (Tr. 10-21). This unfavorable decision was appealed to the United States District Court for the Eastern District of Arkansas who, on May 12, 2021, remanded the matter for further consideration and to perform a thorough Step 3 analysis. (Tr. 648-649).

After the Appeals Council remanded the case back to the ALJ for a new hearing and decision, Plaintiff amended his alleged onset date to April 13, 2016, and requested to be considered for a closed period of disability from that date through March 1, 2021, because he had returned to performing substantial gainful activity as of March 8, 2021. (Tr. 545, 663, 883).

On December 16, 2021, the ALJ held an administrative hearing. (Tr. 541-579). At this hearing, Plaintiff was present and was represented by counsel, Ashley Loy. *Id.* Plaintiff and Vocational Expert ("VE") Crystal Younger testified at this administrative hearing. *Id.* On January 10, 2022, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 515-530). The ALJ determined Plaintiff met the insured status requirements of the Act on March 31, 2021. (Tr. 517, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the closed period at issue from April 13, 2016, through March 1, 2021. (Tr. 517-518, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, right SI radiculopathy, right rotator cuff tendinopathy, and right eye macular edema. (Tr. 518, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 519, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 520-528, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform a reduced range of sedentary work. *Id.*

The ALJ determined Plaintiff was unable to perform any of his Past Relevant Work ("PRW"). (Tr. 528, Finding 6). The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy. (Tr. 529, Finding 10). The VE testified at an administrative hearing regarding his ability to perform other occupations. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform the following occupations: (1) document preparer with 19,161 such jobs in the national economy; (2) election clerk with 6,753 such jobs in the national economy; and (3) addresser with 2,715 such jobs in the national economy. (Tr. 529). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not disabled at any time from April 13, 2016, through March 1, 2021. (Tr. 530, Finding 11).

On March 17, 2022, Plaintiff appealed his administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 14, 15.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Plaintiff claims the ALJ erred in not finding Plaintiff met Listing 1.04(A). *Id.* Specifically, Plaintiff argues former Listing 1.04(A) applies in this case and the ALJ incorrectly applied new Listing 1.15. *Id.* Because the Court agrees with Plaintiff, this case must be reversed and remanded.

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included lumbar degenerative disc disease, right SI radiculopathy, right rotator cuff tendinopathy, and right eye macular edema. (Tr. 518, Finding 3). Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). "To meet a listing, a claimant must show that he or she meets all of the criteria for the listed impairment." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014).

Plaintiff argues the ALJ should have found his back impairment satisfied the requirements for former Listing 1.04(A).  Defendant states that, when the ALJ issued his decision, that listing had already been removed from the musculoskeletal listings and no longer applied, and the ALJ correctly applied new Listing 1.15.

The Social Security Administration revised the listings regarding musculoskeletal disorders in 2021 and eliminated Listing 1.04(A).  The effective date of the revised listings was April 2, 2021.  As Defendant stated, when the revised listings became effective, the revisions applied "to new applications filed on or after the effective date . . and to claims that are pending on or after the effective date.  *Revised Medical Criteria for Evaluating Musculoskeletal Disorders*, 85 Fed. Reg. 78164 (Dec. 3, 2020).

However, in this matter, Plaintiff is being considered for a closed period of disability from April 13, 2016 through March 1, 2021, because he had returned to performing substantial gainful activity as of March 8, 2021.  Given that Plaintiff's requested final date of disability is before the effective date of the revised listing considered by the ALJ, this Court finds the matter should be remanded for consideration of whether Plaintiff meets the criteria of Listing 1.04(A) which remained in effect during the applicable period.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of February 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT

UNITED STATES MAGISTRATE JUDGE

7